UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID S BROWER,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>DANIELLE T T QUATCH, et al.,<br><br>　　　　　　Respondent. | CASE NO. 25-cv-00687-JHC<br><br>ORDER |

# I
## INTRODUCTION

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff David S. Brower's complaint, Dkt. # 5, and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

# II
## BACKGROUND

On April 14, 2025, Brower moved for leave to proceed in forma pauperis (IFP) and filed an emergency motion for injunctive relief against Danielle T.T. Quatch; Ashleigh B. Holmes; the law firm of Nunn, Vhan & Lang, P.L.L.C; and King County Superior Court. Dkt. # 1. Brower also filed a complaint that is identical to the emergency motion for injunctive relief. Dkt. # 5. Magistrate Judge Brian A. Tsuchida granted Brower IFP status. Dkt. # 4.

ORDER - 1

A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Brower claims violations of 42 U.S.C. § 1983, 42 U.S.C. § 12132 (the Americans with Disabilities Act), 18 U.S.C. § 1519, and RCW 9A.36.060. Dkt. # 5 at 5. Under the "Emergency Basis for Federal Relief" section of the complaint, Brower writes, "Petitioner files this emergency motion because no further state-level remedy exists. After four years of domestic violence, procedural sabotage, targeted litigation abuse, and deliberate emotional destabilization, the state court system has become an instrument of coercion rather than protection." Dkt. # 5 at 5. Under the same section, Brower alleges "King County Superior Court is scheduled to issue post-trial enforcement orders in a case where Petitioner's constitutional rights, ADA protections, and evidentiary access were systematically denied." *Id.* Brower further alleges that Defendants are responsible for "[o]ngoing retaliation and procedural misconduct occurring under the color of state law, [a]ctive interference with ADA-protected access to a federally recognized psychiatric service animal, [m]ultiple violations of a Domestic Violence Protection Order, [a]nd the suppression of time-sensitive evidentiary materials in a trial that resulted in irreparable harm." Dkt. # 1-7. Brower seeks "permanent injunctive relief and federal oversight" related to these alleged violations. Dkt. # 5 at 18–20.

ORDER - 2

# III
## DISCUSSION

Even liberally construed, Brower's complaint fails to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not demand detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice. *See id*. The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Brower does not meet this standard because his factual allegations are largely unrelated to his claims and are too vague to evaluate.

In addition, the *Rooker-Feldman* doctrine prevents a lower federal court from reviewing a state court decision. *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022). This doctrine prevents a federal district court from exercising jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069–70 (9th Cir. 2015)). An impermissible de facto appeal arises under *Rooker-Feldman* "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)). A review of the materials Brower has filed shows his complaint is largely a "de facto" appeal of claimed legal wrongs committed during his divorce proceedings in King County Superior Court. The Court does not have jurisdiction to hear these claims.

# IV
## CONCLUSION

For these reasons, the Court DISMISSES without prejudice Brower's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and grants him leave to amend, if he wishes, within 14 days of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Brower's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice. Given this ruling, the Court STRIKES the motions at Dkt. ## 7, 8.

Dated this 29th day of April, 2025.

*John H. Chun*
John H. Chun
United States District Judge