UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID S BROWER,

               Plaintiff,

     v.

DANIELLE T.T. QUATCH et al.,

             Defendants.

CASE NO. 25-cv-00687-JHC

ORDER

---

This matter comes before the Court on pro se Plaintiff's amended complaint that names the undersigned judge as a Defendant and includes a motion to disqualify.  Dkt. # 11.  The Court has reviewed the amended complaint, the remainder of the file, and the governing law.  Being fully advised, for the reasons discussed below, the Court DENIES the motion.

"Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily."  LCR 3(f).  "If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge."  *Id.*

A judge of the United States must recuse from any proceeding in which their "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Federal judges must also

disqualify themselves when they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1).

Plaintiff fails to present any argument giving rise to a legitimate question of the undersigned judge's impartiality. He does not point to any "extrajudicial source" of bias. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993). Instead, he says the judge's impartiality is in question because the Court dismissed his prior motion without prejudice. Dkt. # 11 at 21. And he says, in light of this ruling, the judge's continued involvement "would create an unavoidable appearance of bias." *Id.* But "[a]dverse rulings do not constitute the requisite bias." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

In addition, Plaintiff says, "Judge Chun struck emergency motions without analysis, hearing, or acknowledgement of federal standards, including ADA obligations, Rule 65 injunction requirements, and civil rights implications under 42 U.S.C. § 1983." Dkt. # 11 at 21. But this is because Plaintiff's initial complaint appeared to be directly appealing a state court decision and federal district courts do not have subject-matter jurisdiction to conduct this sort of review. *See* Dkt. # 10. "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The undersigned makes rulings in each case based on the issues presented by the parties or on sua sponte review and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff has not shown that a reasonable person could question the undersigned's impartiality.[1] The undersigned will not recuse himself voluntarily from this case. Accordingly,

---

[1] The judge similarly is not required to recuse himself simply because he has been named as a Defendant. *See Gabor v. Seligmann*, 222 F. App'x 577, 578 (9th Cir. 2007); *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir.1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984) ("[A] judge is not disqualified merely because a litigant sues or threatens to sue him . . . . Such

the Court DENIES the motion for judicial disqualification in Plaintiff's amended complaint.

Also, the Court further DIRECTS the Clerk to refer the motion to Chief Judge David Estudillo

for further review.

Dated this 16th of May, 2025.

John H. Chun
United States District Judge

---

an easy method for obtaining disqualification should not be encouraged or allowed.") (internal quotation marks and citations omitted).