UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID S. BROWER, | CASE NO. 25-cv-00687-JHC |
| Plaintiff, | |
| v. | ORDER |
| DANIELLE T.T. QUATCH et al., | |
| Defendants. | |

**I**
**INTRODUCTION**

This matter comes before the Court sua sponte after the Court granted Plaintiff David S. Brower leave to file an amended complaint. Dkt. # 10. In the amended complaint, Plaintiff alleges violations of state and federal law and asks for a preliminary injunction under Rule 65, an order declaring the decisions in a King County Superior Court case void, and the disqualification of this judge. For the reasons discussed below, the amended complaint is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**II**
**BACKGROUND**

On April 14, 2025, Plaintiff moved for leave to proceed in forma pauperis (IFP) and filed an emergency motion for injunctive relief against Danielle T.T. Quatch; Ashleigh B. Holmes; the

ORDER - 1

law firm of Nunn, Vhan & Lang, P.L.L.C; and King County Superior Court. Dkt. # 1. Magistrate Judge Brian A. Tsuchida granted Plaintiff IFP status. Dkt. # 4. The Court dismissed Plaintiff's original complaint without prejudice for lack of subject matter jurisdiction and for failure to state a claim, and granted leave for him to file an amended complaint. Dkt. # 10.

In his amended complaint, Plaintiff adds Judge Maureen McKee, the Washington State Bar Association, and the undersigned judge as Defendants. Dkt. # 11. He says that his complaint arises from litigation abuse, judicial misconduct, and "federally disqualifying conduct" by attorneys, state actors, and bar regulatory authorities related to divorce and bankruptcy proceedings in state and federal court. *Id.* at 2. He brings claims under RCW 9A.36.060 and 18 U.S.C. § 1519. *Id.* at 3–15. He also says that he seeks preliminary injunctive relief due to the enforcement of void state orders and the attempted theft of his service dog. *Id.* at 3. And he contends that an emergency injunction is warranted due to ongoing litigation harassment and procedural sabotage across multiple courts. *Id.* at 16. In addition, Plaintiff asks the Court to issue a formal declaration that all orders in King County Superior Court Case No. 23-3-04962-8 SEA are void. *Id.* at 20. Plaintiff also moved to disqualify this judge from the case because "Judge Chun's continued role in this case would create an unavoidable appearance of bias." *Id.* at 21.[1]

### III
### DISCUSSION

A.   Legal Standard

A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the Court "shall dismiss the case at any time if the court determines that . . . the

---

[1] The Court has denied this motion. Dkt. # 13. This decision was affirmed by Chief Judge Estudillo in accordance with the Local Rules of this District. Dkt. # 14; *see* LCR 3(f).

ORDER - 2

action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

B.     Claims under RCW 9A.36.060 and 18 U.S.C. § 1519

In Plaintiff's first claim, he alleges several Defendants have promoted a suicide attempt in violation of RCW 9A.36.060. Dkt. # 3–10. But this is a criminal statute that does not provide for a private cause of action. *See* RCW 9A.36.060. In Washington, "[w]hen the Legislature has intended to create a private civil right of action based upon violation of a criminal statute, it has done so explicitly." *Lynch v. City of Winlock*, No. 24426-8-II, 2000 WL 776826, at *2 (Wash. App. June 16, 2000). Thus, this claim must be dismissed because Plaintiff does not have a private cause of action to bring his claim against these Defendants.

Plaintiff's second and fourth claims are brought under 18 U.S.C. § 1519.[2] Dkt. # 11 at 10–15. This is also a criminal statute that does not create a private right of action. *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006) ("[S]tatutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability."). Thus, these claims must likewise be dismissed. *See id.*

C.     Preliminary Injunction

Under federal law, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008). To obtain a preliminary injunction, the plaintiff must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm

---

[2] Plaintiff does not bring a third claim. *See* Dkt. # 11 at 10–15.

ORDER - 3

in the absence of" a preliminary injunction"; (3) "the balance of equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20) (these are called the *Winter* factors).

Plaintiff does not meet the first *Winter* factor. He does not bring a claim under any law with a private cause of action. *See* Section III(B), *supra*. Nor does he provide factual allegations that allow the Court to evaluate the merit of his claims; instead, he only offers conclusory statements that do not show he is likely to succeed on the merits. *See* Dkt. # 11 at 15–19.

Likelihood of success on the merits "is a threshold inquiry" and "is the most important" *Winter* factor. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). If there are no "serious questions going to the merits," *All. for the Wild Rockies*, 632 F.3d at 1134–35, the court need not consider the other *Winter* factors, *see Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Plaintiff does not raise serious questions going to the merits of his injunction claim, so the Court does not consider the other *Winter* factors.

D.     Order Declaring State Court Orders Void

Plaintiff next moves the Court "to issue a formal declaration that all state court orders issued under King County Superior Court Case No. 23-3-04962-8 SEA are void ab initio, due to proven jurisdictional sabotage, procedural manipulation, and violations of the Plaintiff's federally protected rights." Dkt. # 11 at 19. This appears, yet again, to be a de facto appeal of a state court decision because Plaintiff asserts that the state court made legal errors and the orders in this case were wrongly decided. *Id.* at 19–20; *see* Dkt. # 10 at 3. But the Court lacks jurisdiction to conduct this sort of review. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) ("A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a

decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.").

## IV
## CONCLUSION

For all these reasons, the Court DISMISSES with prejudice Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Dkt. # 10 at 4 ("If Brower's amended complaint fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.").

Dated this 27th day of May, 2025.

John H. Chun
United States District Judge